# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID L. JOHNSON,**

        **Plaintiff,**

        v.                                          Case No. 18-CV-613

**JON LITSCHER,** *et al.*,

        **Defendants.**

## ORDER

Plaintiff David L. Johnson, a Wisconsin state prisoner who is representing himself, filed a complaint (ECF No. 1) under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was an inmate at Waupun Correctional Institution. He also filed a motion for leave to proceed without prepaying the filing fee. (ECF No. 2.) He subsequently filed a motion to add parties and to supplement his complaint with factual matter. The court granted his motion to add parties (which was really a motion to substitute a name for a Doe placeholder) and denied his motion to supplement the complaint. (ECF Nos. 11 and 12.)

Because the court explained that all allegations should be contained in one document, Johnson filed an amended complaint. (ECF No. 15.) He also filed another

motion to add parties (ECF No. 16) and a motion for an order placing him away from danger (ECF No. 20). He also filed a brief and declaration in support of a motion for temporary restraining order (ECF Nos. 17 and 18), although he has not filed a motion for a temporary restraining order.

The court has jurisdiction to resolve Johnson's motions and to screen the amended complaint based on the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On April 23, 2018, the court ordered Johnson to pay an initial partial filing fee of $1.00. Johnson paid that fee on May 4, 2018. Accordingly, the court will grant Johnson's motion to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Amended Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Amended Complaint's Allegations*

*May 2017 Allegations*

Johnson alleges that on May 4, 2017, he was at defendant Sergeant Jodi Tritt's station preparing to go to the law library for a three-hour deadline pass. He asked Tritt to open his cell door so that he could go to the bathroom. Tritt told Johnson, "No way.

That's [too] bad," and ordered him to go to the law library or she would cancel his pass. Johnson went to the law library and urinated on himself. Tritt ordered officers to take him to segregation for "pissing on himself." (ECF No. 15 at 7.) He was held in confinement for 60 days without a hearing. Although Johnson does not specifically allege that he filed a complaint relating to this incident, he does allege that defendant Tonia Moon, Inmate Complaint Examiner, did not investigate his complaint. He alleges that Moon covered for Tritt and that defendants Foster and Litscher were aware of Moon's and Tritt's actions but did nothing about it.

*Medical Allegations*

Johnson alleges that he suffers from several chronic mental and physical ailments, including bipolar disorder, generalized anxiety, manic depressive moods that are treated with a psychotropic medication (quetiapine), as well as high blood pressure and severe rheumatoid arthritis. He alleges that on December 18, 2017, he was waiting in the bedtime medication line. He was sweating, pacing with anxiety, and having "mood/manic mood" because he had not received his noon dose of quetiapine. (ECF No. 15 at 3.) Defendant Sergeant J. Mungey told Johnson that a bedtime dose of quetiapine was not available. Johnson pleaded with Mungey to contact the Health Services Unit ("HSU") so that he could get his medication.

Johnson alleges that Mungey called Captain Olsen, who along with several officers pulled out tasers and handcuffed Johnson. They walked him to the restricted

4

housing unit, where Johnson collapsed on the floor of a 4x4 strip cell. He was sweating and shaking and pleading with defendant Sergeant Beahm to contact a nurse so that his medication could be administered. Johnson alleges that he laid on the floor of the cell for two hours, again pleading with Beahm, who told Johnson that the nurse told him that she did not need to see Johnson. Johnson was placed in solitary confinement for 60 days without a hearing. He filed a grievance and alleges that Moon lied in her report.

On April 4, 2018, Johnson was put in segregation. When he arrived, Beahm confiscated his knee braces, back brace, and hearing aid. He was denied meal trays, showers, recreation, and supplies due to segregation officers requiring inmates to stand at their cell doors when officers come around. Johnson placed a note on his cell door that said, "PLEASE STOP" so that staff would stop at his cell (presumably because he could not hear them approach without the assistance of his hearing aid). Beahm ordered Johnson to take down the note. Johnson filed an inmate complaint. He alleges that Moon ignored the complaint and sent it back to him with no investigation. Overall, Johnson spent 30 days without his medical equipment and suffered from pain and other injuries to his health.

*Wisconsin Resource Center Allegations*

Johnson was transferred to the Wisconsin Resource Center (WRC) from Waupun on May 3, 2018 for pre-release programming. On May 11, 2018, defendant M. Summers confiscated Johnson's legal materials, which he needed to file his amended complaint,

upon his return from the library. Summer wrote Johnson a conduct report, and he received five days of room confinement without law library access as a result. Johnson alleges he received no hearing and that he was in disciplinary segregation until May 29, 2018. The next day defendant Robert Kriz told Johnson that he told the librarian that Johnson was to receive no extra library time. Kriz also told Johnson that if he continued to work on legal issues at WRC he would be transferred back to Waupun.

*Analysis*

It appears that Johnson is attempting to improperly bring unrelated claims in a single case. Under Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, joining multiple defendants in one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The court finds that Johnson's amended complaint violates Rules 18 and 20 because it advances unrelated claims against multiple defendants, one of which occurred at a separate prison. Johnson makes four sets of allegations: the May 2017 allegations against Captain Tritt about being denied use of the toilet at Waupun; his December 2017 allegations against Mungey, Olsen, and Beahm regarding his quetiapine at Waupun; his April 2018 allegations against Beahm and Moon about his medical devices being taken away while in segregation at Waupun; and, finally, his May 2018 allegations against Summers and Kriz at WRC for confiscating his legal materials and not letting him pursue this lawsuit.

The court in *George* instructed that such "buckshot complaints" should be "rejected." *Id.* Therefore, Johnson may not proceed on his amended complaint. The court will give Johnson an opportunity to file a second amended complaint that incorporates only properly related claims. He has until **November 29, 2018,** to do so. Johnson may bring any unrelated claim not pursued in this case in a separate action or actions.

Johnson is advised that, because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054,

1056 (7th Cir. 1998). If Johnson files a second amended complaint, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, Johnson is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Johnson must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

*Motion to Add Parties*

Johnson filed two motions to add parties. (ECF Nos. 16 and 22.) In this first, he asks to add Sergeant J. Mungey and Sergeant Beahm as defendants. (ECF No. 16.) In the second, he again asks to add Sergeant J. Mungey. Both Mungey and Beahm are already listed defendants, so the court will deny both his motions as moot.

*Temporary Restraining Order and Preliminary Injunction*

On July 12, 2018, Johnson filed a brief (ECF No. 17), attached to which was an affidavit of Johnson (ECF No. 17-1), and a declaration from Johnson (ECF No. 18) in support of a motion for a temporary restraining order and preliminary injunction, although he did not file an actual motion for a temporary restraining order and preliminary injunction. In his brief, affidavit, and declaration in support of motion for a temporary restraining order, Johnson alleges that on June 27, 2018, he was sexually assaulted by officers, who used excessive force against him in retaliation for filing this lawsuit. Johnson filed a separate lawsuit (18-CV-1122) based on these allegations. If Johnson believes the defendants in that lawsuit still pose a continuing danger to him, he should file a motion for a temporary restraining order in that case. Even if Johnson had filed in this case a motion that corresponds with his brief, affidavit and declaration, the court would deny it because it relates to a separate (and already-filed) lawsuit.

*Motion to Place Plaintiff Away from Imminent Danger*

On September 13, 2018, Johnson filed a motion for an order placing him away from imminent danger. (ECF No. 20.) Johnson again alleges that he was sexually assaulted in retaliation for filing this lawsuit. He also alleges that the defendants have denied him due process and placed him in solitary confinement "for months since the filing of the above action with the courts." (ECF No. 20 at 2.) Like his brief, affidavit, and declaration in support of a motion for a temporary restraining order and

preliminary injunction, this motion asks for relief based on the allegations in a separate lawsuit, 18-CV-1122. Therefore, if he needs relief relating to the allegations in 18-CV-1122, he should file a motion in that lawsuit. The court denies his motion.

**ORDER**

The court **GRANTS** Johnson's motions for leave to proceed without prepayment of the filing fee (ECF No. 2).

The court **DENIES AS MOOT** Johnson's motions to add party (ECF No. 16 and 22) and **DENIES** Johnson's motion for an order placing him away from imminent danger (ECF No. 20).

The court **ORDERS** that Johnson has until **November 29, 2018** to file an amended complaint that complies with Federal Rules of Civil Procedure 18 and 20. Failure to do so will result in dismissal of his lawsuit.

The court **ORDERS** that the agency having custody of Johnson shall collect from his institution trust account the $349.00 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Johnson is transferred to another institution, county, state, or

federal, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

The court **ORDERS** that a copy of this order be sent to the officer in charge of the agency where Johnson is confined.

The court **ORDERS** that, under the Prisoner E-Filing Program, Johnson shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If Johnson is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Johnson that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 8th day of November, 2018.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge