# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID L. JOHNSON,

      Plaintiff,

v.                                                    Case No. 18-CV-613

TONIA MOON, *et al.*,

      Defendants.

## ORDER

Plaintiff David L. Johnson is a Wisconsin state prisoner who is representing himself. He filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was an inmate at Waupun Correctional Institution. At screening, the court found that Johnson's amended complaint brought impermissibly-joined claims in one lawsuit. The court gave him an opportunity to further amend his complaint.

Johnson filed a second amended complaint, alleging, in short, that the defendants failed to provide him with his medication. He subsequently filed two motions to use his release account to pay for legal expenses and a motion to add a party. The court will screen his second amended complaint and deny each of his motions. The court has jurisdiction to resolve Johnson's motions and to screen the second amended complaint based on the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the

Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*1. Screening of the Second Amended Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 1.1 The Second Amended Complaint's Allegations

Johnson suffers from several chronic mental and physical ailments, including bipolar disorder, generalized anxiety, manic depressive moods that are treated with a psychotropic medication (quetiapine), as well as high blood pressure, severe rheumatoid arthritis, and blindness and deafness on his right side. Johnson receives his quetiapine twice a day, once at noon and once at bedtime.

On December 18, 2017, Johnson left his cell to receive his noon dose of quetiapine from Sergeant Cage. The medical officer told Johnson that his medication was out but that the officer would contact the Health Services Unit (HSU) immediately to make sure Johnson had it for the bedtime medication pass. Around 8:30 p.m. he returned to Sergeant Cage for bedtime medication. He was sweating and clearly anxious and manic. Sergeant Mungey told him that his medication was not available and instructed Johnson to return to his cell.

Johnson pleaded with Mungey to call HSU. Instead, Mungey called Security Captain Olsen. Several officers arrived with tasers. They took him to the restricted housing unit (RHU), where Johnson collapsed on the floor of a 4x4 strip cell. He was sweating and shaking and pleaded with Sergeant Beahm to contact a nurse so that his medication could be administered. Johnson laid on the floor of the cell for two hours, pleading with Beahm. Beahm said that the nurse told him that she did not need to see Johnson. Johnson was placed in solitary confinement for 60 days without a hearing.

Johnson filed an inmate complaint, and Tonia Moon was the complaint examiner. Moon did not contact him for an interview and altered records. She falsely stated she spoke with HSU manager Marchant. Marchant stated there was no record of Beahm or Mungey contacting HSU on December 18, 2017, about Johnson's medications.

1.2 Analysis

According to the second amended complaint, Johnson is suing Captain Olsen, Sergeant Mungey, Captain Westra, and Sergeant Beahm. (ECF No. 24 at 2.) There are three separate *potential* claims, though they arise from a series of events on one day: first, a claim that defendants Mungey and Beahm were deliberately indifferent to Johnson's medical needs; second, a claim that Moon interfered with the grievance process; and third, a claim that Olsen used excessive force against Johnson. However, only the first two constitute a claim upon which relief can be granted.

To state a claim of deliberate indifference to a serious medical need, a plaintiff must allege that: (1) he suffered from an objectively serious medical condition; and (2) the defendants were deliberately indifferent to a risk of serious harm from that condition. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). When a deliberate indifference claim is based on a medication delay, it is not the delay itself that forms the basis of the harm necessary for the claim. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). Instead, the harm must come from the consequences of not receiving the medication. *Id.*

Johnson alleges that the lack of medication caused him to suffer from mania and anxiety. He also alleges that he asked both defendants Mungey and Beahm to do something to help him get his medication and that they did not do anything. Therefore, he may proceed against them on a claim of deliberate indifference to his serious medical needs.

Johnson complains that Moon, the inmate complain examiner, failed to investigate his complaint. While there is no substantive Due Process right to a grievance procedure, *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996), a complaint examiner can act with deliberate indifference to the risk posed by failing to investigate a prisoner's grievance, *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As the Seventh Circuit explained, a complaint examiner might be liable "[i]f, for example, [she] routinely sent each grievance to the shredder without reading it." *Burks*, 555 F.3d at 595. And that is, in effect, what Johnson is alleging: Moon received his grievance and failed to actually investigate it. He may proceed against Moon for failing to investigate.

Finally, Johnson's complaint hints at the idea the Captain Olsen used excessive force. He alleges that Mungey called Olsen, after which officers arrived with tasers and handcuffed him. Although he says they "took" him to RHU, he does not explicitly say that Olsen was present, and he does not actually say that any force used was excessive. The court cannot find an excessive force claim against Olsen based on these allegations.

Because this final set of allegations does not state a claim, Olsen is dismissed from the lawsuit. The court will also dismiss Captain Westra, who Johnson also named in the caption of his complaint. But the only mention of Westra in the body of the complaint is that the complaint Johnson filed against Mungey and Beahm also named Westra. However, there are no allegations that Westra was involved or what he allegedly did or did not do, and given that § 1983 is a personal liability statute, Johnson does not state a claim against him. *Burks*, 555 F.3d at 595-96.

2. *Motions to Use Release Account Funds*

Johnson has filed two motions asking the court to authorize the use of his release account to pay for costs attendant to litigation, such as copies and postage. He says it is the only way he will be able to pay for litigation costs. However, the only generally recognized instance where courts (at least in this district) allow plaintiffs to dip into their release accounts is to pay an initial partial fee. *Beacon v. Dittmann*, No. 14-CV-136-JPS, 2017 WL 275644, *1 (E.D. Wis. Jan. 26, 2017) (citing *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 863 (E.D. Wis. 1999)). The federal Prisoner Litigation Reform Act does not contemplate paying costs out of a release account, and courts have declined to interfere with how prisons administer the accounts absent an affirmative requirement that inmates be allowed to use their release accounts for costs. *Czapiewski v. Thomas Doe*, No. 16-cv-426, 2016 WL 1733456, *2 (E.D. Wis. Apr. 29, 2016). The court will deny both of these motions.

*3. Motion to Add Party*

Finally, Johnson also filed a motion asking the court to add Warden Brian Foster as a defendant, whose name he says was omitted in error. However, Johnson's second amended complaint makes no mention of Foster. Therefore, the court will deny this motion.

## ORDER

**IT IS THEREFORE ORDERED** that defendants Captain Olsen and Captain Westra are **DISMISSED**.

**IT IS ALSO ORDERED** that Johnson's motions to use his release account (ECF Nos. 26 and 27) are **DENIED**.

**IT IS FURTHER ORDERED** that Johnson's motion to add party (ECF No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Sergeant Mungey, Sergeant Beahm, and Tonia Moon.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties shall not engage in discovery until the court enters a scheduling order.

**IT IS FURTHER ORDERED** that, under the Prisoner E-Filing Program, Johnson shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If Johnson is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Johnson that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 16th day of January, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge